**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4638**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

WALLACE THOMAS LESTER,

Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:07-cr-00169-D-1)

─────────────

Submitted: January 26, 2009      Decided: February 17, 2009

─────────────

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Bridgett Britt Aguirre, Fuquay-Varina, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wallace Thomas Lester was convicted by a jury of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006), and was sentenced to 240 months in prison. Lester's sole argument on appeal is that the district court erred when it denied his motion for leave to file an untimely suppression motion. Finding no error, we affirm.

Under Fed. R. Crim. P. 12, motions to suppress must be filed prior to trial or by the deadline established by the court. See Fed. R. Crim. P. 12(b)(3)(C), 12(c). A defendant waives the right to file a suppression motion if he fails to file the motion prior to the time set by the district court, unless he can establish good cause for the waiver. Fed. R. Crim. P. 12(e). This court has found good cause to excuse an untimely motion to suppress where, for instance, the delay in filing the suppression motion was caused by the government's failure to turn over the evidence sought to be suppressed. See United States v. Chavez, 902 F.2d 259, 263-64 (4th Cir. 1990).

This court will not disturb a district court's denial of a motion for leave to file an untimely suppression motion unless the district court committed clear error. Id. at 263. "Accordingly, reviewing courts rarely grant relief from denials of untimely suppression motions." Id. (recognizing that appellate courts generally deny relief from the denial of tardy

suppression motions where the motion was made after the court-imposed deadline and the defendant proffered only a "dubious excuse"); see also United States v. Ruhe, 191 F.3d 376, 386-87 (4th Cir. 1999) (holding that there was no good cause to raise an untimely suppression issue where the defendant could have with due diligence discovered the information necessary to timely raise the issue).

We conclude that the district court did not commit error, clear or otherwise, when it denied Lester's motion for leave to file an untimely motion to suppress. Moreover, even assuming that the district court clearly erred when it denied Lester's motion for leave to file the untimely suppression motion, we find that the district court's ultimate denial of Lester's pro se suppression motion on its merits renders any assumed error harmless. See United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008) (recognizing that an error "will be deemed harmless if a reviewing court is able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error") (internal citations and quotation marks omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED